

*Oroma Mpi-Reynolds, Esq.*
*MSR Legal & Consulting Services, PLLC*
*Nassau:  503 Linden St., W. Hempstead, N.Y.*
*Queens:  89-18 134th St., Suite 1, Richmond Hill, N.Y.*
*Tel: (516) 725-5514*
*Oroma@MSRLegal.org*
*www.MSRLegal.org*

June 25, 2020

*Via CM ECF*

Re: Plaintiffs' Application for Emergency Relief for J.V.2 in 1:19-cv-05451-AT-KHP L.V. et al v. New York City Department of Education

Your Honor,

    The Plaintiffs respectfully submit this application for emergency relief for minor child J.V.2 while settlement talks continue in good faith.  The Plaintiffs intended to move this Court for a preliminary injunction through prior counsel, however, such motion was not filed before prior counsel became unavailable during the Covid-19 pandemic.

    Plaintiffs remain willing to resolve this application swiftly and amicably with the Defendant, along with the Complaint itself.

    Very truly yours,

    *s/Oroma H. MpiReynolds*
    Oroma Mpi-Reynolds, Esq.
    Managing Attorney
    MSR Legal & Consulting Services

Cc:  Carolyn E. Cruk, Esq.
Enc. Application for Emergency Relief

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

L.V. ON BEHALF OF HERSELF AND HER MINOR
CHILD, J.V.2,

                                   Plaintiffs,                    1:19-cv-05451

-   Against -                   **PLAINTIFFS'**
                                                                            **APPLICATION FOR**
                                                                              **EMERGENCY RELIEF**
NEW YORK CITY DEPARTMENT OF EDUCATION,     **FOR MINOR CHILD**


                                   Defendants
_____

Upon the accompanying declaration of Plaintiff L.V. and declaration of Plaintiffs' counsel Oroma Mpi-Reynolds, Esq., and upon the memorandum of law submitted herewith, together with the exhibit attached thereto, as well as the Second Amended Complaint together with the exhibits attached thereto, the PLAINTIFFS RESPECTFULLY MOVE THIS COURT FOR EMERGENCY RELIEF CONCERNING MINOR CHILD J.V.2 based upon the urgent need for in-person special education instruction and services described herein and based upon the harm ensuing to J.V.2.  Per L.V., J.V.2 has not been able to access remote learning due to the nature of his disability, lack of internet access inside the home, and lack of an appropriate, functioning assistive technology device tailored to meet his special needs.

Plaintiffs apply for EMERGENCY RELIEF, pursuant to Rule 65 of the Federal Rules of Civil Procedure, pending current settlement negotiations and final disposition of this action, ordering the Defendant, its agents, officers, servants, representatives and/or employees TO IMMEDIATELY PROVIDE IN-PERSON EDUCATIONAL SERVICES OR

PROSPECTIVELY FUND AN ACCOUNT FROM WHICH L.V. MAY FREELY DRAW UPON TO RETAIN THE FOLLOWING SERVICES FOR J.V.2 pursuant to the Court's equitable powers under 20 U.S.C. §1415 and the "Pendency" provision of the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §1415(j):

For J.V.2, pursuant to the Hearing Officer's Second Interim Order Modifying Pendency, dated September 6, 2019 (Exhibit A), in a due process complaint filed on June 6, 2018 and amended on October 9, 2018 and consolidated on July 19, 2019 with a second due process complaint filed on May 21, 2019:

(a) Ten (10) hours per week of 1:1 ABA therapy at a reasonable market rate;

(b) Three (3) 45-minute sessions of 1:1 Occupational Therapy per week at reasonable market rates;

(c) Four (4) 45-minute sessions of 1:1 Speech and Language Therapy per week at reasonable market rates;

(d) Three (3) 45-minute sessions of 1:1 Physical Therapy at reasonable market rates;

(e) Door-to-door car service transportation at reasonable market rates for J.V.2 to and from all special education instruction and related services; and

(f) Transportation aide to supervise J.V.2 during transport to and from special education instruction and related services delivered outside of J.V.2's home;

    a. And such transportation aide shall have at least the same qualifications, safety, and CPR training, fingerprinting, and criminal background check as required under the Education Law and State Regulations of transportation attendants,

      monitors, and paraprofessionals employed by the New York City Department of Education; and

(g) Prompt payment of providers within thirty (30) days of its receipt of monthly invoices of services rendered by the providers

**And further, for J.V.2., out of necessity for J.V.2 to access his Pendency educational services should the Department be unable to supply in-person services as of July 1, 2020,**

(a) Create an account for J.V.2 and at all times maintain a minimum balance in an amount equivalent to the cost of 30 days' worth of stay-put educational services or a lump sum of $29,000.00 for J.V.2 with withdrawal privileges held by L.V. for making payments to providers, thereby ensuring that providers are paid within 24 hours of services rendered and increasing the likelihood of retaining available providers.

Date:  June 25, 2020

                            Respectfully submitted,

                            MSR LEGAL & CONSULTING SERVICES, PLLC

                            By *s/Oroma H. MpiReynolds*

                            Oroma Mpi-Reynolds, Esq.
                            503 Linden Street, West Hempstead, New York 11552
                            (516) 725-5514
                            Oroma@MSRLegal.Org
                            Attorney for the Plaintiffs