UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

L.V., on behalf of herself and her minor child, J.V.2,

          Plaintiff,

          -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

          Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/2020

19 Civ. 5451 (AT) (KHP)

**ORDER**

ANALISA TORRES, District Judge:

On June 25, 2020, Plaintiff, L.V., proceeding on behalf of herself and her minor child J.V.2, moved for a preliminary injunction under the "stay-put" provision of the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1415(j), and Rule 65 of the Federal Rules of Civil Procedure. ECF Nos. 67, 67-2. The Court referred the motion to the Honorable Katharine H. Parker, for a report and recommendation. ECF No. 69.

On July 8, 2020, Judge Parker issued a Report and Recommendation (the "R&R"), recommending that Plaintiff's motion be granted in part and denied in part. R&R at 13, ECF No. 73. Judge Parker held that although 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure typically allow parties 14 days to object to an R&R, "given the nature of the emergency relief requested, both Plaintiffs and Defendants shall have _five_ days from the services of this [R&R] to file written objections." *Id.* at 14.

The time for filing objections having expired and the Court having received no objections to the R&R, the Court reviewed the R&R for clear error, and found none. *Santiago v. Colvin*, 12 Civ. 7052, 2014 WL 1092967, at *1 (S.D.N.Y. Mar. 17, 2014). The Court, therefore, ADOPTS the R&R in its entirety. Accordingly, Plaintiff's motion for a preliminary injunction is GRANTED in part and DENIED in part.

The Court finds that over the course of 2018 and 2019, a Department of Education ("DOE") impartial hearing officer issued three pendency orders related to J.V.2's education, culminating in an order issued on September 6, 2019 (the "September 2019 PO"). R&R at 3. The September 2019 PO remains in force, and constitutes J.V.2's "current educational placement" under 20 U.S.C. §1415(j). *Id.* at 7–8. The September 2019 PO requires:

    (1) Ten (10) hours per week of 1:1 ABA therapy;
    (2) Three (3) 45-minute sessions of Individual (1:1) Occupational Therapy per week;
    (3) Four (4) 45-minute sessions of Individual (1:1) Speech and Language Therapy per week;
    (4) Three (3) 45-minute sessions of Individual (1:1) Physical Therapy per week;
    (5) Door-to-door car service transportation of J.V.2 to and from all special education instruction and related services mandated in the PO; and

(6) An appropriately trained transportation aide to supervise J.V.2 during transport to and from special education instruction and related services delivered outside of J.V.2's home; and

(7) Prompt payment of providers within thirty (30) days of its receipt of monthly invoices of services rendered to J.V.2 by the providers.

R&R at 7–8; *see* ECF No. 67-1.

The Court holds that the September 2019 PO contemplated delivery of in-person services, and that Dedfendant has not adequately explained how its computer-based services are a satisfactory substitute for J.V.2 during the COVID-19 pandemic, nor conducted an evaluation of how remote services can be delivered to J.V.2 to meet his individual needs.  R&R at 10.

Accordingly, Plaintiff's request for an order enforcing the terms of the September 2019 PO pursuant to 20 U.S.C. § 1415(j) is GRANTED.

It is ORDERED that:

1. Defendant shall provide the in-person services described in the September 2019 PO to the extent that they can be performed safely in light of the current COVID-19 pandemic, in compliance with guidance from health authorities.
2. Plaintiff shall provide to Defendant the names of the service providers who have indicated a willingness to provide in-person services to J.V.2 notwithstanding the current COVID-19 crisis.
3. Defendant shall utilize these service providers to provide the services described in the September 2019 PO, provided that they are qualified and accept DOE rates, or shall locate otherwise qualified service providers willing to provide in-person services to J.V.2 at this time.
4. Defendant shall immediately conduct an independent assistive technology evaluation to assess J.V.2's individual needs and the software required to deliver his required services remotely, to the extent certain services cannot be provided in-person due to the current pandemic.
5. This order shall remain in effect for the duration of the 2020–2021 school year, until final judgment is entered, or until further order of the Court.

*See* R&R at 10–11, 13.

Plaintiff's request for an order requiring Defendant to establish a fund on J.V.2's behalf from which L.V. could withdraw funds to pay for services directly is DENIED.  *See* R&R at 11–13.

The Clerk of Court is directed to terminate the motion at ECF No. 67.

SO ORDERED.

Dated: July 17, 2020
 New York, New York

_____
ANALISA TORRES
United States District Judge