```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
```

L.V. on behalf of herself and her minor child, J.V.2.,

                                                    Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                                    Defendant.

```
------------------------------------------------------------------x
```

**INFANT COMPROMISE ORDER**

19-CV-5451 (AT) (KHP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/9/2020

      Upon the affidavit of L.V., the infant's parent and guardian, and the declaration of Oroma Mpi-Reynolds, Esq., attorney for the Plaintiffs L.V. and J.V.2 herein, and due deliberation having been had thereon, and upon consideration of the issues and claims in the litigation and the discussions related to settlement in resolution of monetary damages in this case, and it appearing that the best interest of the infant, J.V.2, would be served by approval of the proposed compromise in settlement, now, on the motion of Oroma Mpi-Reynolds, Esq., attorney for the Plaintiffs, it is hereby:

      ORDERED, that L.V., the parent and guardian of the infant, is authorized and empowered, in the interest of her child, J.V.2, to settle and compromise the infant's potential claims for money damages against the New York City Department of Education, and it is further,

      ORDERED that the Court approves the settlement of $10,000.01 to be paid by the New York City Department of Education to Plaintiffs' attorney to settle all claims for monetary damages for J.V.2 between the parties,

      ORDERED that the amount of $10,000.01 paid to Plaintiffs' attorney for J.V.2 shall be deposited in an interest bearing account in the name of infant, J.V.2, at a branch of a bank of Plaintiff

L.V.'s choosing ("Bank"), and to be held for the sole use and benefit of infant, J.V.2, in an account paying the highest rate of interest available, until J.V.2 reaches the age of eighteen years, or as further ordered by the Court, and it is further,

ORDERED, that said Bank is authorized and directed to maintain one hundred percent (100%) of said funds in a form of deposit in said Bank yielding the highest rate of interest available, provided that said funds shall be in such a form that it will be available to infant, J.V.2, when he attains the age of eighteen years, and it is further,

ORDERED, that no withdrawals from the account shall be made except if the parent makes an application to this Court demonstrating a financial need that will benefit the child and the Court approves such a request, and it is further,

ORDERED, that when infant J.V.2 has attained the age of eighteen years, upon demand therefore, together with presentation of the proper proof of said age, said Bank is directed to pay over to infant J.V.2 all monies then on deposit in said account, together with any interest accrued thereon, and it is further,

ORDERED, that in the event of the death of infant J.V.2 prior to the payment date as set forth above, and in the event that infant J.V.2 has not designated a beneficiary or beneficiaries, then payment shall be immediately made to the estate of infant J.V.2, and it is further,

ORDERED, that upon full compliance with all of the terms of this Order, Plaintiff L.V. is authorized, empowered, and permitted to execute and deliver a general release and any other papers necessary to effectuate the settlement herein, and it is further,

ORDERED, that this Court retains jurisdiction over this action for enforcing this compromise order and for enforcing the terms of the underlying settlement, and for entering this compromise

2

order directing the disposition of funds.

Dated: New York, New York

November __9___, 2020

SO ORDERED:

*Katharine H. Parker*

_____
KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

3