```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  __11/9/2020__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

L.V. on behalf of herself and her minor child, J.V.2.,

                                                               Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                                               Defendant.

------------------------------------------------------------------- x

**~~STIPULATION AND~~ ORDER OF SETTLEMENT AND DISCONTINUANCE AS TO PLAINTIFFS' CLAIMS FOR MONETARY RELIEF**

19-CV-5451 (AT) (KHP)

**WHEREAS** L.V. commenced this action on her own behalf and on behalf of her minor child, J.V.2 (together, the "Plaintiffs"), against Defendant New York City Department of Education ("Defendant") by filing a Complaint, an Amended Complaint, and a Second Amended Complaint, in the United States District Court for the Southern District of New York (together, hereinafter, referred to as the "Complaint") seeking, *inter alia*, damages and monetary relief as well as attorneys' fees and costs, for alleged violations of Plaintiffs' rights under federal and state laws and state common law as set forth in the Complaint;

**WHEREAS** on July 31, 2020, Defendant's counsel served, Rule 68 Offers of Judgment to resolve Plaintiffs' claims for damages and monetary relief and attorneys' fees and costs incurred related to those claims (the "Rule 68 Offers"), and Plaintiffs accepted the Rules 68 Offers on August 12, 2020;

**WHEREAS** Defendant and Plaintiffs (together, the "parties") agreed to convert the Rule 68 Offers into a negotiated stipulation of settlement of the same amounts and resolve all claims for monetary relief raised in this action without further proceedings and without admitting any fault or liability;

**WHEREAS** the parties have also settled Plaintiffs' claim for attorneys fees and costs incurred and accrued related to Plaintiffs' motion for emergency relief through to July 8, 2020, the date of the Court's decision on this motion;

**WHEREAS** Plaintiff L.V. has authorized her counsel to settle this matter on her behalf, and on behalf of her minor child, J.V.2, with respect to all claims for damages or monetary relief against Defendant New York City Department of Education, and all claims for attorneys fees and costs related to Plaintiffs' claims for damages and monetary relief and Plaintiffs' motion for emergency relief through to July 8, 2020, on the terms set forth below;

**WHEREAS** Defendant denies any and all liability or wrongdoing arising from the allegations in the Complaint and nothing in this Stipulation or Order shall be deemed an admission of any fault or liability by Defendant; and

**WHEREAS** the Court so-ordered the Infant Compromise Order on November 9, 2020 (*see* Dkt No. 111), which approved the settlement of J.V.2's claims for damages and monetary relief in this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. Plaintiffs' claims for monetary relief against Defendant New York City Department of Education are dismissed, with prejudice, and without costs, expenses, or fees in excess of the amounts specified in paragraph "2" and "3" below.

2. The City of New York hereby agrees to pay Plaintiff L.V. the sum of TWENTY FIVE THOUSAND AND ONE DOLLARS AND ZERO CENTS ($25,001.00) payable to "Lisa Vasquez", and Plaintiff J.V.2 the sum of TEN THOUSAND AND ONE

DOLLARS AND ZERO CENTS ($10,001.00) in full satisfaction of all claims for damages or monetary relief that were or could have been raised in this action.

  3. The City of New York further agrees to pay MSR Legal & Consulting Services, PLLC the sum of FOURTEEN THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($14,500.00) payable to "MSR Legal & Consulting Services, PLLC" in full satisfaction of all claims for attorneys' fees, costs and expenses that were or could have been incurred in this action related to all claims for damages or monetary relief in this action, and related to all claims for attorneys' fees, costs and expenses that were or could have been incurred in this action related to Plaintiffs' motion for emergency relief (*see* Dkt No. 67) through to July 8, 2020.

  4. In consideration for the payment of the sums identified in paragraphs "2" and "3", Plaintiffs L.V. and J.V.2. agree to dismiss and discontinue, with prejudice, all claims for monetary damages asserted in this action, and to release and discharge Defendant New York City Department of Education as well as the City of New York, their successors or assigns; and all past and present officials, employees, representatives, and agents of Defendant New York City Department of Education and the City of New York, or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, and/or rights of action for damages or monetary relief, from the beginning of the world to the date on the Releases in this action, whether known or unknown, that Plaintiffs L.V. or J.V.2 raised or could have raised in the Complaint in this action based upon or related in any way to the events described in the Complaint pertaining to L.V. and/or J.V.2, including all claims for costs, expenses, disbursements, and fees incurred in connection with Plaintiffs' claims for damages or monetary relief in this action. In consideration for the payment of the sum identified in paragraph "3",

Plaintiffs L.V. and J.V.2. agree to release and discharge Defendant New York City Department of Education as well as the City of New York, their successors or assigns; and all past and present officials, employees, representatives, and agents of Defendant New York City Department of Education and the City of New York, or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, and/or rights of action for costs, expenses, disbursements, and fees that were or could have been incurred or accrued in connection with Plaintiffs' motion for emergency relief (*see* Dkt No. 67), from the beginning of the world to July 8, 2020.

        5.      Subject to the approval of the Court that settlement of all claims for monetary relief in this action with respect to J.V.2 is in compliance with Rule 83.2(a) of the Local Civil Rules of this Court ("Settlement of Actions by or on Behalf of Infants or Incompetents, Wrongful Death Actions, and Conscious Pain and Suffering Actions") and Rule 1207 *et seq*. of the Civil Practice Law and Rules for the State of New York, payment shall be distributed as follows, in accordance with the Infant Compromise Order so ordered on November 9, 2020 (*see* Dkt No. 111):

    a.    Defendant City of New York shall issue a check for TEN THOUSAND AND ONE DOLLARS AND ZERO CENTS ($10,001.00) payable to "MSR Legal & Consulting Services, PLLC - IOLA Trust Account," which shall be deposited to MSR Legal & Consulting Services, PLLC's IOLA account;

    b.    MSR Legal & Consulting Services, PLLC shall issue a check from its IOLA account in the amount of TEN THOUSAND AND ONE DOLLARS AND ZERO CENTS ($10,001.00) payable to "L.V., in

      trust for minor child, J.V.2", which shall be deposited into an interest bearing account at a bank selected by L.V. and held for the benefit of J.V.2 until the event of J.V.2's 18th birthday; and

   c. Plaintiffs and their attorneys shall otherwise comply with the terms of the Infant Compromise Order, so ordered on November 9, 2020 (*see* Dkt No. 111).

  6. Plaintiff L.V. shall be responsible for the payment of any federal, state, and/or local taxes, if any, on the payment specified in paragraph "2", above.

  7. MSR Legal & Consulting Services, PLLC shall be responsible for the payment of any federal, state, and/or local taxes, if any, on the payment specified in paragraph "3", above.

  8. The settlement checks in paragraph "2" and "3" shall be mailed to Plaintiffs' counsel Oroma Mpi-Reynolds at MSR Legal & Consulting Services, PLLC, 503 Linden Street, West Hempstead, New York 11552.

  9. Plaintiff L.V. will execute and deliver to Defendant's undersigned attorney all documents necessary to effectuate this settlement, including, without limitation, a release for Plaintiff L.V., on her own behalf and on behalf of her minor child, J.V.2, based upon the terms of the paragraphs "2" through "4" above; an affidavit of status of liens for Plaintiff L.V.; and substitute w-9 for Plaintiff L.V.. MSR Legal & Consulting Services, PLLC will also execute and deliver to Defendant's undersigned attorney a release based upon the terms of paragraphs "3" and "4" above, and a substitute w-9. The payments set forth in paragraphs "2" and "3" are subject to and conditioned on delivery of all such documents to Defendant's undersigned attorney.

10. Nothing contained herein shall be deemed to be an admission by the New York City Department of Education or the City of New York of any of Plaintiffs' allegations, nor an admission by the New York City Department of Education or the City of New York that they have in any manner or way violated the rights of Plaintiffs L.V. or J.V.2, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, charters, by-laws, rules or regulations of the United States, the State of New York, or the City of New York, or any other rules, regulations or bylaws of any department or subdivision of the City of New York or the New York City Department of Education.

11. This Stipulation and Order shall not be admissible in, nor is it related to, any other litigation or administrative matter, or settlement negotiations except for enforcement of the provisions contained herein.

12. Nothing contained in this Stipulation and Order shall be deemed to constitute a policy or practice of the New York City Department of Education, the City of New York, or any agency thereof.

13. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

14. This Stipulation and Order may be executed in counterparts, and a facsimile, electronic, or scanned signature shall be deemed valid for all purposes.

INTENTIONALLY LEFT BLANK

- 7 -

| | |
|---|---|
| MSR LEGAL CONSULTING SERVICES, PLLC<br>Attorney for Plaintiffs<br>89-18 134th St., Suite 1<br>Richmond Hill, New York<br>(516) 725-5514<br>oroma@msrlegal.org | JAMES E. JOHNSON<br>Corporation Counsel of the City of New York<br>Attorney for Defendant New York City<br>Department of Education<br>100 Church Street<br>New York, New York 10007<br>(646) 939-7631<br>ckruk@law.nyc.gov |
| By: ___s/ *Oroma H. Mpi Reynolds* (11/9/20)___<br>    Oroma Mpi-Reynolds | By: ___s/ *Carolyn Kruk* (11/9/20)___<br>    Carolyn E. Kruk<br>    Assistant Corporation Counsel |

SO ORDERED.

Dated:    November 9, 2020
               New York, New York

_____
ANALISA TORRES
United States District Judge