```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/17/2020
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

L.V., on behalf of herself and her minor child,
J.V.2,

                                        Plaintiffs,

-against-                                              **ORDER GRANTING MOTION TO**
                                                       **WITHDRAW AS COUNSEL AND**
                                                       **SCHEDULING ORDER**


NEW YORK CITY DEPARTMENT OF EDUCATION,            **19-CV-05451 (AT) (KHP)**


                                        Defendant.

-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

        This case arises out of Defendant's alleged failure to provide a free appropriate public

education (a "FAPE") to Plaintiff J.V.2 in the 2017-18 and 2018-19 school years.  L.V., Plaintiff

J.V.2's mother, asserts that the New York City Department of Education ("DOE" or "Defendant")

violated J.V.2's and/or her federal rights under the Individuals with Disabilities Education

Improvement Act, 20 U.S.C. §§ 1400-1482 (the "IDEA"), Section 504 of the Rehabilitation Act of

1973, 29 U.S.C. § 794 ("Section 504" or the "RA"), the Americans with Disabilities Act of 1990,

42 U.S.C. §§ 12131-134, 12141-165 (the "ADA"), and 42 U.S.C. § 1983 ("Section 1983") by

denying J.V.2 a FAPE and discriminating against him on the basis of his disability, which she

asserts is autism.  She further alleges that Defendant's conduct violated the New York State

Constitution and New York State Education Law §§ 3202, 3203, 4401, *et seq.* ("NYEL"), and

caused her and her son extreme emotional distress in violation of New York State common law.

1

Plaintiff initially was represented by Laura Barbieri.  Ms. Barbieri drafted and filed three complaints in this case.  The DOE moved to dismiss the second amended complaint, and Ms. Barbieri prepared an opposition to that motion.  After that motion was fully briefed, Ms. Barbieri withdrew from representing Plaintiffs and Oroma Mpi-Reynolds entered an appearance for Plaintiffs.  (ECF No. 63.)

Prior to a decision on the motion to dismiss, Ms. Mpi-Reynolds filed a motion for emergency relief seeking the DOE's immediate compliance with the pendency order (a "PO," also called a "stay-put order") issued by the Independent Hearing Officer ("IHO") in J.V.2's underlying administrative proceeding concerning his Individual Education Plan ("IEP").  On July 17, 2020, the undersigned recommended that this motion be granted in part.  (ECF No. 75.) Specifically, I recommended that the DOE be ordered to provide J.V.2 with in-person services as described in the September 2019 PO to the extent such can be done safely during the current COVID-19 pandemic and in compliance with guidance from health authorities.  I further recommended the DOE immediately conduct an independent assistive technology evaluation to assess J.V.2's individual needs and the software required to deliver his required services remotely if they cannot be provided safely in person during the pandemic.  Finally, I recommended denying the request for prospective funding of an account from which L.V. could withdraw funds to pay for J.V.2's services without having to wait for reimbursement from the DOE.  (ECF No. 73.)  The Honorable Analisa Torres adopted the Report and Recommendation in full.  (ECF No.  75.)

Then, on July 17, 2020, the undersigned recommended that the motion to dismiss be granted in part and denied in part.  (ECF No. 76.)  Specifically, I recommended that:

- Claim 1 (IDEA) be dismissed, in part, without prejudice, regarding claims pertaining to the substance and formation of the IEPs, for failure to exhaust;

- Claims 2 and 5 (ADA and RA discrimination) be dismissed, without prejudice, for failure to exhaust;

- Claim 4 (Section 1983) be dismissed without prejudice for failure to state a claim;

- Claims 6 and 7 (NY State Law) be dismissed, without prejudice, for failure to comply with New York State's notice of claim requirement; and

- Claim 8 (Declaratory Judgment) be dismissed as an inappropriate form of a claim.

I recommended that the motion to dismiss be denied with respect to the allegations in Claim 1 pertaining to compliance with the pendency orders and the stay-put provision and with respect to Claim 3 (RA retaliation against L.V.).  (ECF No. 76.)  Judge Torres adopted the Report and Recommendation in full.  (ECF No. 80.)

After participating in several Court-facilitated settlement conferences, the parties reached a settlement of Plaintiffs' claims for monetary damages against the DOE (i.e. the remainder of monetary aspect of Claim 1 and Claim 3), including attorneys' fees.  That settlement was submitted to and approved by the Court.  (ECF Nos. 111 & 113.)

The only issues remaining in the case are L.V.'s contention that the DOE has not complied with the IHO's September 2019 PO and the emergency injunctive relief ordered by this Court at ECF No. 75—given the parties settlements at ECF Nos. 111 & 113, it appears these

two issues are coextensive as the remainder of the non-monetary aspect of Plaintiffs' IDEA

claim (Claim 1).  The parties have conducted some discovery, but L.V. has not fully complied

with her counsel's request for information and documents.  Additionally, this Court has held

numerous conferences with the parties regarding implementation of the pendency order, but

L.V. has failed to cooperate with her counsel and the DOE in this process.  As a result, the DOE

has requested permission to file a motion for failure to prosecute (ECF No. 107) and Ms. Mpi-

Reynolds has filed a motion to withdraw as counsel, citing fundamental disagreements with her

client (ECF No. 108).  In order to protect client confidences, Ms. Mpi-Reynolds submitted a

declaration in camera setting forth in detail the nature of the disagreement and why it cannot

be resolved.  This Court held an ex parte conference with L.V. and her attorney in connection

with the motion to withdraw.  L.V. objected to her counsel's withdraw on the ground that she is

unfamiliar with the process and does not want to proceed pro se.  Additionally, she disagreed

with certain facts that her counsel relayed to the Court that form the basis for the fundamental

disagreement.

        For the reasons set forth below, the motion to withdraw is granted.

                                        **DISCUSSION**

        A court in this District may grant counsel leave to withdraw "only upon a showing by

affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of

the case, including its position, if any, on the calendar . . . ."  S.D.N.Y. L. Civ. R. 1.4.  The Court

therefore looks at two factors in determining whether to grant a motion to withdraw as counsel

of record:  (1) the reasons for withdrawal and (2) the impact of the withdrawal on the timing of

4

the proceeding.  *See Callaway Golf Co. v. Corporate Trade Inc.*, No. 10-cv-1676 (GBD) (JCF), 2011

WL 2899192, at *2 (S.D.N.Y. July 6, 2011).

    With respect to the first factor, Plaintiffs' counsel contends that withdrawal is

appropriate based on New York Rule of Professional Conduct 1.16(c)(4) and Comment [2] under

Rule 1.2.  Rule 1.16(c)(4) provides that "a lawyer may withdraw from representing a client when

. . . the client insists upon taking action with which the lawyer has a fundamental

disagreement."  Under this Rule, the lawyer may not withdraw without permission from the

Court when, as here, such permission is required.  Comment [2] to Rule 1.2 addresses how a

lawyer should address disagreements with a client.  It indicates that clients normally defer to

the knowledge and skill of the lawyer with respect to technical, legal and tactical matters,

whereas lawyers normally defer to the client with regard to expenses to be incurred and

concern for third persons who might be adversely affected.  When a disagreement arises,

Comment [2] advises the lawyer to consult legal authorities and discuss possible resolutions

with the client; but, if such efforts at resolution fail, the lawyer may withdraw due to a

fundamental disagreement with the client.  N.Y. Code of Prof. Conduct 1.2, Comment [2].

    In support of the motion, Plaintiffs' counsel has provided a Declaration under seal and in

camera describing the nature of a fundamental disagreement that has arisen between her and

Plaintiff L.V. about how to proceed with the remainder of the federal litigation, which involves

L.V.'s contention that Defendant has not complied with this Court's Order partially granting

emergency relief (pursuant to the IDEA claim asserted) requiring compliance with the pendency

order (ECF No. 75), and the administrative proceedings, as they remain ongoing before the IHO

and the DOE continues to challenge J.V.2's asserted disability and educational needs.  Having

reviewed Plaintiffs' counsel's submission, and after having spoken with L.V. and her counsel,

the Court is satisfied that a fundamental disagreement exists between counsel and L.V. that is

not able to be resolved and that withdrawal is justified.

The Court next must consider whether the prosecution of the action is likely to be

disrupted by the withdrawal of counsel. *See Callaway Golf Co.*, 2011 WL 2899192 at *3.

Discovery in this case is ongoing.  The present deadline for completion of discovery is December

31, 2020.  This deadline, however, can be moved to allow Plaintiff time to seek alternate

representation for herself and J.V.2.  Furthermore, all but one of the claims asserted in the

operative complaint have been dismissed, and the only issue remaining in this litigation

involves the enforcement of the Court's emergency relief.  The prosecution and resolution of

this action will not be disrupted by an extension of the schedule for this purpose.  Accordingly,

the Court finds that the second factor too favors withdrawal.

As such, Plaintiffs' counsel's motion to withdraw is **GRANTED, except that Ms. Mpi-**

**Reynolds shall continue to assist L.V. with implementation of the settlement to ensure that**

**the DOE makes the settlement payments and that J.V.2's payment is deposited in an**

**appropriate account consistent with the Infant Compromise Order.**

### REPRESENTATION OF J.V.2

While L.V. may represent herself pro se, see *Winkelman v. Parma City Sch. Dist.*, 550

U.S. 516 (2007), the same is not true for J.V.2.  *See Cheung v. Youth Orchestra Found. of Buffalo,*

*Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (a non-attorney parent must be represented by counsel in

6

bringing an action on behalf of his or her child); *Wenger v. Canastota Central School Dist.*, 146 F.3d 123, 125 (2d Cir. 1998), *overruled on other grounds by Winkelman*, 550 U.S. 516 (2007) (noting that a case involving a party unable to represent themselves (i.e. minors and incompetents) cannot go forward if they are unrepresented by counsel); *see also Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 133-35 (2d Cir. 2009) (citing *Cheung* approvingly, noting it is "an ancient precept of Anglo-American jurisprudence that infant and other incompetent parties" are not permitted to "handle their own affairs").  Therefore, Plaintiff L.V. is directed to either obtain counsel for J.V.2 or to move for the appointment of counsel for J.V.2 **within 30 days from this Order**, or the remaining claim asserted on J.V.2's behalf will be dismissed without prejudice.  *See B.D.S. v. Southold Union Free School Distr.*, No. 08-cv-1319, 2009 WL 1875942 (E.D.N.Y. June 24, 2009) (recognizing that although a parent has a right to pursue a claim under the IDEA pro se, to the extent the claim relates to parent rights, a non-attorney parent cannot represent a child in an IDEA claim in court).

    With respect to the Court's obligation to appoint counsel, the court notes that it may properly decline to appoint counsel for a minor when it is clear that no substantial claim might be brought on behalf of such a party.  *See Schoon v. Berlin*, No. 07-cv-2900 (JGK), 2011 WL 1085274 (S.D.N.Y. Mar. 23, 2011) (dismissing claim brought by parent on behalf of minor child and declining to appoint counsel because remainder of claims were without merit); *A.M. ex rel. J.M. v. NYC Dept. of Educ.*, 840 F.Supp.2d 660 (E.D.N.Y. 2012) (in case brought by parents under IDEA, granting motion for summary judgment and declining to appoint representative for infant because underlying claims were without merit).  It is important to also note that J.V.2 had the

benefit of counsel in opposing the DOE's motion to dismiss and in securing the emergency

relief, and thus, the Court does not transgress the dangers surrounding the dismissal of a minor

or incompetent's claim(s) on the merits without the benefit of representation by counsel. *See*

*Berrios*, 564 F.3d at 134.

In light of the foregoing, the Court reserves judgment as to whether appointment of

counsel for J.V.2 will be necessary, and directs the DOE to submit a letter regarding its position

as to the need for appointment of a representative for J.V.2 prior to addressing its proposed

motion to dismiss for lack of prosecution.

## DISCOVERY AND SCHEDULING

Discovery is extended to February 26, 2021 to allow L.V. time to search for an retain

alternate counsel for herself and J.V.2.  In the meantime, to the extent there are any issues

remaining in which L.V. has her own interest, separate and apart from J.V.2's interests, she will

be treated as a pro se plaintiff.  L.V. may wish to consult with staff from the New York Lawyers

Assistance Group, a free legal clinic available to pro se litigants.  L.V. should call 212-659-6190

to make a phone appointment.  L.V. may elect to receive email notifications from the Court.

She should contact the Court's Pro Se Intake Unit for questions on court procedures and filing

papers.  ALL PRO SE SUBMISSIONS TO THE COURT MUST BE MADE THROUGH THE PRO SE

INTAKE UNIT.  The phone number for the Pro Se Intake Unit is 212-805-0175.  The email for

submissions is Temporary_Pro_Se_Filing@nysd.uscourts.gov.  However, before email

submissions are accepted, L.V. must consent to receiving electronic notices from the Court (that

is, email notices) by submitting a Consent to Electronic Service Form.  That form can be found at

https://nysd.uscourts.gov/forms/consent-electronic-service-pro-se-cases.

**CONCLUSION**

Ms. Mpi-Reynolds motion to withdraw as counsel is **GRANTED** as stated above.  L.V. will

have **30 days from the receipt of this Order**, as determined by date on the below-requested

certificate of service, to inform the Court that J.V.2 has representation or to apply for such

representation—failure to do so may result in the dismissal of the remaining claims, without

prejudice.  Discovery is extended to **February 21, 2021**.  The DOE is directed to submit the

requested letter by **December 4, 2020**.  The Court will hold a telephonic conference on

**December 18, 2020** at 2:00 p.m. (dial-in to 866-434-5269; access code 4858267) at which it will

hear from the DOE as to its proposed motion to dismiss for failure to prosecute (ECF No. 107)

and at which L.V. may inform the Court as to her efforts to date to locate counsel as well as

state her position with respect to the DOE's proposed motion.  A representative from the DOE

knowledgeable about the underlying facts pertaining to L.V.2's recent evaluations, the

administrative hearing, and the efforts made to comply with the pendency order shall also

attend the conference.

Ms. Mpi-Reynolds is directed to serve a copy of this Order on L.V. as well as a copy of

the Defendant's letter at ECF No. 107.  Ms. Mpi-Reynolds is also directed to file an affidavit of

service with the Court confirming service of the Order and letter that also provides the Court

with L.V.'s mailing address for receipt of Court notices.  Finally, Ms. Mpi-Reynolds is directed to

file a letter with the Court when the full terms of the settlement have been effectuated.

**SO ORDERED.**

DATED:  New York, New York
        November 17, 2020

_____
KATHARINE H. PARKER
United States Magistrate Judge