

**THE CITY OF NEW YORK**

| | | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **CAROLYN E. KRUK**<br>Cell: (646) 939-7631<br>ckruk@law.nyc.gov |

December 2, 2020

**By ECF**

Honorable Katharine Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**SO ORDERED:**

*/s/ Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

12/03/2020

Re: *L.V. et ano. v. New York City Department of Education,*
19-CV-05451 (AT)(KHP)

Dear Magistrate Judge Parker:

I represent the Defendant New York City Department of Education (DOE) in the above-referenced action. I write to request a 10-day extension of time to provide the Court with the DOE's position on whether the parties may proceed with the DOE's proposed motion to dismiss for failure to prosecute before Plaintiff L.V. retains new counsel.

As background, on October 28, 2020, the DOE filed a letter motion requesting a pre-motion conference in anticipation of filing a motion to dismiss Plaintiffs' remaining claim for compliance with the Court's pendency order on the basis of Plaintiff parent L.V.'s failure to cooperate with the DOE's efforts to implement the order. Dk No. 107. On November 17, 2020, the Court granted Plaintiffs counsel's request to withdraw as counsel. Dkt No. 118. In the same order, the Court asked DOE submit a letter "regarding its position as to the need for appointment of a representative for J.V.2 prior to addressing its proposed motion to dismiss for lack of prosecution." *Id*. at ECF p. 8 of 10.

Defendant respectfully requests a 10-day extension of time to provide the Court with this letter, from Friday, December 4, 2020 to Monday, December 14, 2020. The extension is requested because the parties, over the last few weeks, have made some progress in implementing the pendency order. In short, we have been able to arrange for J.V.2 to receive in-person occupational therapy (OT) services at Liberty Post five days a week, consisting of both J.V.2.'s weekly mandate (3 x 45 min, as per the pendency order) in addition to OT make-up hours. In scheduling these OT services, Liberty Post accommodated L.V.'s request that J.V.2.'s OT services take place mid-day, and rearranged the schedules of other students. (Both the DOE

and L.V. voiced their appreciation of such.) Upon information and belief, J.V.2 attended his scheduled OT services on Monday, November 30, 2020, but did not attend Tuesday or Wednesday (yesterday or today).

The DOE is also working with Liberty Post to identify a schedule for J.V.2 to receive in-person physical therapy (PT) services at the same location as his OT services. As Liberty Post does not offer speech language therapy (SLT), once a schedule for OT and PT is agreed upon – and successfully implemented – the DOE will identify a SLT provider with availability for in-person services and make those arrangements.

The DOE has also identified a qualified transportation aide for J.V.2. On November 19, 2020, I spoke with the proposed aid for 45 minutes to discuss and confirm her qualifications, experience and interest in the position. I summarized what I learned in an email to L.V., provided L.V. with the aide's contact information, and encouraged L.V. to speak with her as soon as possible in order to confirm her start date on November 22, 2020. However, L.V. and the aide first spoke today. The DOE is hopeful that L.V. will agree to the aid so that she may begin to escort L.V.2 to his services at Liberty Post no later than Monday, December 7, 2020. (Otherwise the providers will likely need to offer their services to other students requesting such.)

Additionally, the DOE made arrangements for an assistive technology (AT) evaluation to take place in Plaintiffs' home. The first evaluation scheduled for November 24 was postponed due to illness. L.V. reports that it is now scheduled to take place tomorrow, December 3, 2020.

I remain hopeful that L.V. will work with the DOE and the providers to set J.V.2 up for success. That is, the DOE is hopeful that J.V.2's OT, PT and SLT services will be successfully – fully and consistently – implemented in the coming week. If the DOE and L.V. are, in fact, able to overcome the remaining obstacles and successfully implement J.V.2.'s services then the DOE will withdraw its request to move to dismiss for failure to prosecute. Alternatively, if services are not fully and consistently implemented by December 14, 2020 then the DOE will need to move forward with the motion to dismiss.

Accordingly, the DOE proposes providing the Court with an additional update on December 14, 2020 and, at that time, either withdrawing its request to make the motion to dismiss, or providing the Court with its position on the issue of whether a representative must be appointed for J.V.2 before addressing the DOE's motion.

Thank you for your consideration of this request.

                                                    Respectfully,

                                                   s/
                                                   Carolyn Kruk

cc. L.V., plaintiff pro se (by email)