```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
L.V., on behalf of herself and her minor child, J.V.2,

                Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/2021
```

19 Civ. 5451 (AT) (KHP)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, L.V., on behalf of herself and her minor son J.V.2, commenced this action on June 11, 2019, by filing a complaint against the New York City Department of Education, and requesting emergency injunctive relief. ECF No 1. Plaintiff then amended the complaint on July 3, 2019, ECF No. 14, and again on September 20, 2019, ECF No. 37. Plaintiff alleges that Defendant failed to provide J.V.2. with a free appropriate public education, violating J.V.2's federal rights under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1482 ("IDEA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12131-12134, 12141-12165 ("ADA"), and 42 U.S.C. § 1983, and his state rights under the New York State Constitution and New York State Education Law §§ 3202, 23203, 4401, *et seq.* ("NYEL"), as well as causing her and her son extreme emotional distress in violation of state common law. ECF No. 37 ¶¶ 2–4. Plaintiff sought, *inter alia*, an injunction to enforce the pendency orders issued by Defendant, as well as monetary damages of at least ten million dollars and attorney's fees. *Id.* at 50–54.

    On July 17, 2020, the Court adopted the Honorable Katharine H. Parker's Report and Recommendation granting in part and denying in part Plaintiff's request for emergency relief, ordering Defendant to provide in-person services to J.V.2 as described in the pendency order issued on September 6, 2019 (the "Pendency Order"), insofar as was feasible while remaining within the bounds of COVID-19-related regulations, and to conduct assistive technology evaluations to assess the software required to provide J.V.2 with remote services. ECF No. 75; ECF No. 73 at 11. On August 12, 2020, the Court adopted Judge Parker's Report and Recommendation dismissing certain of Plaintiff's IDEA claims, as well as Plaintiff's ADA, 42 U.S.C. § 1983, state law, and declaratory judgment claims, but denying the motion to dismiss as to Plaintiff's IDEA claim regarding compliance with the Pendency Order and retaliation. ECF No. 80; ECF No. 76 at 32–33.

    On October 28, 2020, Defendant filed a motion to dismiss for failure to prosecute. ECF No. 107. Defendant states that Plaintiff has failed to cooperate with, or has taken affirmative steps to interfere with, Defendant's good faith efforts to comply with the Pendency Order. *Id.* at 2. Among other actions, Plaintiff allowed her proposed transportation aide arrangements for J.V.2 to fall through and did not transport J.V.2 to the services provided by Defendant; Plaintiff informed Defendant that J.V.2 would be attending kindergarten at P.S. 20, but after Defendant arranged in-person services at that school, Plaintiff decided not to send J.V.2 to the school; and Plaintiff did not schedule any assistive technology evaluations despite Defendant's first

scheduling an evaluation, and then, when Plaintiff represented she wished to make her own arrangements, providing Plaintiff with a list of providers. *Id.* Plaintiff also refused to participate in discovery in this case. *Id.* at 3.

On November 5, 2020, Plaintiff's counsel moved to withdraw, citing a fundamental disagreement with her client. ECF Nos. 108, 110. Plaintiff's counsel had previously expressed concerns regarding "contradictory statements" and "an apparent mischaracterization of facts" relayed to her. ECF No. 104 at 2.

On November 9, 2020, the parties settled all claims for monetary relief. ECF No. 113. Judge Parker granted Plaintiff's counsel's motion to withdraw on November 17, 2020, and set a conference for December 18, 2020, at which time Defendant would state its position on whether it would proceed with its motion to dismiss for failure to prosecute now that Plaintiff is *pro se*, and Plaintiff would update the court on her status in finding new counsel and her position on Defendant's motion. ECF No. 118.

On December 14, 2020, Defendant filed a letter advising the Court that it intends to proceed with its motion, and can do so while Plaintiff is *pro se*. ECF No. 122. Defendant states that Plaintiff is continuing to impede Defendant's compliance with the Pendency Order by failing to have J.V.2 attend scheduled sessions with providers, failing to cooperate with the transportation aide provided by Defendant, and failing to have J.V.2 participate in online sessions. *Id.*

On December 17, 2021, the Court issued an order to show cause, stating that it was inclined to dismiss the case, and that by January 17, 2021, Plaintiff should file a letter with the Court showing cause why the action should not be dismissed, or it would dismiss the case. ECF No. 123.

Plaintiff did not file a response within the specified time. However, Defendant has filed two further status updates, advising the Court that since December 18, 2020, Plaintiff has continued to not respond to Defendant or service providers' attempts to contact her to arrange for services for J.V.2, and to change her demands regarding the requested services, timing, and location, resulting in the chosen service providers declining to provide services to J.V.2. ECF No. 126 at 3–6; ECF No. 127 at 1–2. In addition, Plaintiff has rejected multiple school placement offers. ECF No. 127 at 2–3.

Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." "Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (internal quotation marks and citation omitted). Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990).

A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of [the] plaintiff's failures or noncompliance; 2) whether [the] plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) . . . [the court's] interest in managing its docket against [the] plaintiff's interest in receiving an opportunity to be heard; and 5) . . . the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in determining whether dismissal is appropriate under Rule 41(b). *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004); *see also Avila v. Comm'r of Soc. Sec.*, No. 15 Civ. 2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016). Dismissal under Rule 41(b) is subject to the "sound discretion of the district courts." *Tutora v. Correct Care Sols., LLC*, No. 17 Civ. 9169, 2020 WL 1164793, at *1 (S.D.N.Y. Mar. 11, 2020).

The Court concludes that all factors weigh in favor of dismissal. First, Plaintiff has been stymying Defendant's good-faith attempts to comply with the Court's orders, as well as refusing to cooperate in discovery, since at least July 2020, approximately seven months. Second, the Court warned Plaintiff that failure to respond in a timely manner to the order to show cause would result in the dismissal of the case. ECF No. 123. Third, "[p]rejudice to defendants resulting from unreasonable delay may be presumed," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Here, Defendant has expended resources in good-faith attempts to effectuate the Pendency Order, diligently attempting to comply with Plaintiff's demands and provide services to J.V.2, but those resources have been squandered due to Plaintiff's non-cooperation, and that does not appear likely to change. Fourth, this case has taken a disproportionate amount of time on the Court and Judge Parker's calendars, and Plaintiff has had multiple opportunities to be heard before Judge Parker, including a conference since the issuance of the order to show cause. 12/18/2020 Docket Entry. Moreover, Plaintiff may still proceed with her administrative remedies to obtain the necessary accommodations for J.V.2. Finally, the Court has considered lesser sanctions than dismissal, and finds no reason to believe that other sanctions would yield a different result in light of Plaintiff's prolonged lack of cooperation with Defendant, her own lawyer, and the Court.

Upon weighing these five factors, the Court finds that dismissal is appropriate. Accordingly, the complaint is DISMISSED without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is directed to close the case and mail a copy of this order to Plaintiff *pro se* at 126 Kramer St., Apt 6B, Staten Island, New York 10305.

SO ORDERED.

Dated: February 22, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge